UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CARLOS ENRIQUE FIGUEROA-OSPINA                           PETITIONER

V.                                CIVIL ACTION NO. 3:24-CV-462-KHJ-MTP

WARDEN SHANNON D. WITHERS                                RESPONDENT

ORDER

Before the Court is pro se Petitioner Carlos Enrique Figueroa-Ospina's [1] Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Figueroa-Ospina is an alien incarcerated by the Bureau of Prisons (BOP), and he seeks an injunction preventing the BOP from possibly lengthening his sentence. *See* [1] at 1, 10; *see also* Sentencing Data [1-1] at 2. For the reasons stated, the Court dismisses this case without prejudice for lack of standing.

Figueroa-Ospina alleges that the BOP has awarded him sentencing credits under the First Step Act. *Id.* at 2–4. He contends that the BOP has correctly calculated his sentence. *See id.* But he claims that "many inmates in different BOP prisons" are not receiving these credits, even though they "do not have a final order of removal issued by a federal immigration judge." *Id.* at 2. So Figueroa-Ospina is "challenging the possibility that the BOP . . . may remove [his] . . . time credits . . . from [his] sentence." *Id.* at 3. He asks this Court to "order the BOP to keep and not remove [his] . . . credits . . . from [his] computation [of] sentence as [he has] been

classified by the BOP . . . as eligible and has been granted . . . the . . . credits." *Id.* at 10.

Figueroa-Ospina does not seek speedier release; instead, he seeks a protective order against the BOP. "To seek injunctive relief, a plaintiff must show," among other things, "that he is under threat of suffering 'injury in fact' that is concrete and particularized." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009) (quoting *Friends of Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000)). The threat of injury "must be actual and imminent, not conjectural or hypothetical." *Id.* The "threatened injury must be *certainly impending*," and "allegations of *possible* future injury are not sufficient." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (cleaned up).

Figueroa-Ospina states that the BOP has correctly calculated his sentence and that the Warden rightfully awarded him First Step Act credits. *See* [1] at 2–4. Figueroa-Ospina does not allege that anyone has threatened to take away these credits. He merely alleges that "many" inmates at "different" prisons are being wrongfully denied their credits. *Id.* at 2. That unnamed prisoners at other prisons may be losing their First Step Act credits is insufficient to imply that the threatened injury—loss of Figueroa-Ospina's credits—is "certainly impending." *Clapper*, 568 U.S. at 409 (cleaned up). On this record, any such injury is too speculative. Because Figueroa-Ospina fails to plausibly allege an injury in fact, he lacks standing to pursue his claim.

For the reasons stated, the Court DISMISSES this case without prejudice for lack of standing. The Court will issue a separate final judgment consistent with this Order. The Clerk of Court shall mail this Order and the final judgment to Figueroa-Ospina at his address of record.

SO ORDERED, this 31st day of January, 2025.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE